UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LASHAWNE NELSON-ROJAS, a.k.a. LASHAWNE MARIE NELSON,

Plaintiff,

v.

ARAMARK CORRECTIONAL SERVICES,

Defendant.

NO: 1:14-CV-3011-JPH

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT IN PART

BEFORE THE COURT are the Objections of Plaintiff (ECF No. 20) and Defendant Aramark (ECF No. 18) to the Report and Recommendation to Dismiss First Amended Complaint in Part (ECF No. 17), as well as Plaintiff's Response to Defendant's Objection (ECF No. 24). Plaintiff initiated this *pro se* civil rights action while a prisoner at the Yakima County Jail. The Court granted her leave to proceed *in forma pauperis*, although the balance of the $350.00 filing fee was subsequently paid in full. On June 9, 2014, the Court received notice that Plaintiff has been released from incarceration (ECF No. 25). Defendant Aramark

Correctional Services[1] is represented by Attorneys Michael K. Rhodes and Michael A. Jaeger of Lewis Brisbois Bisgaard & Smith LLP, although the Court has not yet directed service in this action[2].

**PLAINTIFF'S OBJECTIONS**

Plaintiff did not sign her Objection (ECF No. 20), as required by Rule 11(a), Federal Rules of Civil Procedure. Although the District Court Executive has directed Ms. Nelson-Rojas to correct this omission, she has not done so. The Court recognizes, however, that the Objection was transmitted with an accompanying letter, which was signed. ECF No. 19. Plaintiff is reminded that according to Rule 11(a), pleadings must be signed.

---

[1] Attorneys Jaeger and Rhodes clarify in an Objection filed May 30, 2014 (ECF NO. 18) that Aramark Correctional Services, LLC, was incorrectly sued as Aramark Correctional Services. In her "Response" (ECF No. 24), Plaintiff's sole assertion is that Aramark is a Corporation, rather than an LLC. The Court finds no reason to resolve this issue at this time.

[2] Counsel for Defendant Aramark have now filed an Answer (ECF No. 15) and a more expansive Amended Answer to Plaintiff's First Amended Complaint (ECF No. 23). Again, the Court has not directed service of this Complaint and has not required Defendant Aramark to respond pursuant 42 U.S.C. § 1997e(g)(2).

Plaintiff objects to the recommendation that Defendant Yakima County Department of Corrections, which was added in the First Amended Complaint, be dismissed from this action. Section 1983 provides a cause of action against any "person" who, under color of law, deprives an individual of federal constitutional or statutory rights. 42 U.S.C. § 1983. The term "person" includes local governmental entities, *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002), but does not encompass municipal or county departments. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). The Yakima County Department of Corrections is not a proper Defendant to this action and is, therefore, **DISMISSED**.

Plaintiff's assertions regarding Yakima County in her Objections are irrelevant to the Court's determination that Yakima County Department of Corrections be dismissed. Yakima County is not a named Defendant to this action, and none of these assertions were presented in the First Amended Complaint.

**DEFENDANT'S OBJECTIONS**

Defendant does not address the portion of the Report and Recommendation, recommending dismissal of Yakima Department of Corrections. Rather,

Defendant objects to Magistrate Judge Hutton’s liberal construction of Plaintiff’s allegations of violations of the First Amendment Free Exercise clause. Defendant Aramark raises the following objections: (1) Plaintiff’s “sincerely held” religious beliefs have not been substantially burdened; (2) her generic food complaints fail to state a claim; and (3) Aramark is not a state actor.

A private corporation providing municipal functions can be held liable under § 1983. Aramark provides food services to inmates at a county correctional facility/jail. Therefore, the Court finds that by performing the traditional government function of providing food service to inmates, Aramark is acting under color of state law for purpose of § 1983 liability. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988) (private doctor providing medical care to inmates was a state actor for § 1983 purposes).

Municipal liability may be imposed when an action is taken pursuant to an official policy and causes a constitutional deprivation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978). Plaintiff has asserted the practice of failing to ensure that Kosher food is properly prepared. She claims this violates a fundamental practice of her religion.

At this time, Plaintiffs’ assertions must be taken as true. Whether she can prove those assertions remains to be seen, but at this preliminary stage the Court will allow Ms. Nelson-Rojas to proceed with her claims of First Amendment

violations against Aramark based on a practice of failing to properly prepare Kosher food. The Court finds no clear error in the conclusions of the Report and Recommendation.

Therefore, for the reasons set forth above and by Magistrate Judge Hutton, **IT IS ORDERED** the Report and Recommendation (ECF No. 17) is **ADOPTED in its entirety.** The First Amended Complaint (ECF No. 11) is **DISMISSED in part** as to the claims against Yakima County Department of Corrections. The District Court Executive shall **TERMINATE** Yakima County Department of Corrections from this action and **STRIKE** this Defendant from the caption of the First Amended Complaint.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward a copy to Plaintiff at her current residence. Attorneys Rhodes and Jaeger shall be notified in the regular course of business.

**DATED** June 18, 2014.




Thomas O. Rice
THOMAS O. RICE
United States District Judge